**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

DARNELL LESHAWN WHITE,

Petitioner,

v.

DAO VANG, WARDEN, et. al.,

Respondents.

No.  2:25-CV-02357-DMC-P

ORDER

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Petitioner's first amended petition, ECF No. 12.

The court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. The petition does not comply with Rule 2(c) of the Federal Rules Governing Section 2254 Cases.  Allegations which are unsupported by a statement of specific facts do not warrant federal habeas relief.  James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).  Moreover, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994).  Thus, in order to satisfy Rule 2(c), facts must be stated, in the petition, with sufficient detail to enable the Court to determine, from the face of the petition, whether further

1

habeas corpus review is warranted." Frasier v. Hernandez, 2007 WL 1300063, *3 (S.D. Cal. Apr. 30, 2007).

Here, Petitioner was directed to file an amended petition that "names the proper respondent and states all claims and requests for relief." ECF No. 10. Petitioner filed a petition, initially with the Ninth Circuit, ECF No. 11, and it was transferred to the Eastern District. See ECF No. 12. Petitioner added Respondents Dao Vang, Warden and Jeff McComber, Sec. of Correction. See ECF No. 12, pg. 1. Thus, the petition accurately names Petitioner's custodian. However, the amended petition fails to a statement of facts to allow the Court to determine whether he has stated a cognizable claim for federal habeas relief. As the state court found, according to the attached documents, "[t]he problem with Petitioner's Petition is that he merely cites to statutes without any application of facts relevant to his case." ECF No. 12, pg. 34. The same is true in the amended petition filed by Petitioner. Petitioner requests appointment of counsel to investigate "All Sentencing Day Penal Code(s) that have been Repealed and or Amended in My Case including all that are Retroactive." Id. at 3. Petitioner contends his trial "Violated My U.S. Constitutional Rights under the 08th & 14th Amendments," but provides no allegations nor facts to support this claim. Thus, there is insufficient information for the Court to understand Petitioner's claims, what facts support such claims, and whether habeas corpus review is warranted.

Petitioner's amended petition for writ of habeas corpus, ECF No. 12, will be dismissed with leave to amend to provide Petitioner an opportunity to remedy these deficiencies. Petitioner is warned that failure to comply with this order may result in the dismissal of this action.  See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1.      The Clerk of the Court is DIRECTED to update the docket to reflect the newly named Respondents Dao Vang, Warden and Jeff McComber, Sec. of Correction.

2.      Petitioner's petition for writ of habeas corpus, ECF No. 1, is DISMISSED WITH LEAVE TO AMEND;

3.      Petitioner shall file an amended petition on the form employed by this

2

court and states all claims and requests for relief, within 30 days of the date of this order; and

    4.    The Clerk of the Court is directed to send Petitioner the Court's form habeas corpus application.

Dated:  March 31, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3